UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>Defendant. | Civil Action No. 26-0983 (TNM) |

## ANSWER

Defendant, the Department of Defense, by and through undersigned counsel, hereby answers Plaintiff's Complaint arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant denies all allegations in the Complaint, including Plaintiff's requested relief, except to the extent specifically admitted below. To the extent the Complaint refers to, characterizes, or quotes from documents, statutes, regulations, correspondence, or other materials, Defendant respectfully refers the Court to those materials for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Defendant's references to such materials are not intended to be, and should not be construed as, admissions that Plaintiff has accurately characterized those materials, that the materials are relevant to this action, or that the materials are admissible.

Defendant responds to the numbered paragraphs of the Complaint as follows:

1.      To the extent the allegations in paragraph 1 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.

To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

2.      To the extent the allegations in paragraph 2 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3.      Defendant admits that the Department of Defense began hosting the prayer and worship services on or about May 21, 2025. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 regarding the subsequent frequency of such events.

4.      Defendant admits that Plaintiff submitted a FOIA request on December 19, 2025 seeking information about the Secretary of Defense's Christian prayer and worship services. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.      Paragraph 5 consists of Plaintiff's characterization of the FOIA request identified in paragraph 4, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

6.      The first sentence of paragraph 6 consists solely of a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits it has not yet issued a final determination regarding Plaintiff's FOIA request. In response to the second sentence of paragraph 6, Defendant admits that Plaintiff purports to bring this action under the FOIA.

### JURISDICTION AND VENUE[1]

7.      Paragraph 7 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction under the FOIA, 5 U.S.C. § 552(a)(4)(B), subject to the terms, conditions, and limitations of that statute.

8.      Paragraph 8 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District for actions properly arising under the FOIA.

### PARTIES

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      Defendant admits that the Department of Defense is a federal agency within the meaning of the FOIA. Defendant currently lacks knowledge or information sufficient to determine whether records responsive to Plaintiff's FOIA request exist within Defendant's possession, custody, or control because processing of Plaintiff's request is ongoing.

### FACTS

11.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. To the extent the allegations in this paragraph seek to provide

---

[1]      For ease of reference only, Defendant's Answer uses the headings contained in the Complaint. Defendant does not admit any allegation by using those headings. To the extent any heading may be construed to contain factual allegations, those allegations are denied.

background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**The Secretary's Christian Prayer & Worship Services**

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

**Plaintiff's FOIA Request**

18.     Defendant admits that Plaintiff submitted a FOIA request on December 19, 2025 using Defendant's online portal. The remainder of paragraph 18 consists solely of Plaintiff's reference to Exhibit A of its Complaint purportedly containing a copy of that FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

19.     Paragraph 19 consists of Plaintiff's characterization of the FOIA request identified in paragraph 18, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

20.     Paragraph 20 consists of Plaintiff's further characterization of the FOIA request identified in paragraph 18, which speaks for itself and is the best evidence of its contents.

Defendant respectfully refers the court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Defendant admits that Plaintiff requested a fee waiver. The remainder of paragraph 22 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

23. Paragraph 23 contains Plaintiff's characterization of correspondence with Defendant, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

24. Defendant admits that it sent a letter to Plaintiff on December 23, 2025. The remainder of paragraph 24 consists of Plaintiff's characterization of the correspondence with Defendant, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

25. Paragraph 25 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the court to the cited provision of the FOIA, which speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent therewith.

26. Defendant admits that, as of March 23, 2026,the date that Plaintiff filed its Complaint, Defendant had not sent any further correspondence pertaining to Plaintiff's FOIA request.

27.     Paragraph 27 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that as of March 23, 2026, the date that Plaintiff filed its Complaint, Defendant has not had not issued a final determination in response to Plaintiff's FOIA request.

28.     Paragraph 28 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that as of March 23, 2026, the date that Plaintiff filed its Complaint, Defendant had not issued a determination regarding Plaintiff's request for a fee waiver.

29.     Paragraph 29 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the court to the cited provision of the FOIA, which speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent therewith.

## CLAIM FOR RELIEF

30.     Paragraph 30 repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein, to which Defendant responds by incorporating its responses to paragraphs 1 through 29.

31.     Paragraph 31 contains legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

32.     Paragraph 32 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the statutory provision of the FOIA that Plaintiff cites and denies any allegations inconsistent therewith.

33.     Paragraph 33 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the court to the cited

provision of the FOIA, which speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent therewith.

## REQUEST FOR RELIEF

The remainder of the Complaint, including Plaintiff's numbered requests for relief, states Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief.

## DEFENSES

Without assuming any burden that it would not otherwise bear, Defendant asserts the following defenses. Defendant reserves the right to amend, supplement, or withdraw these defenses as appropriate based on the facts and circumstances developed in this litigation.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under the FOIA, 5 U.S.C. § 552.

## SECOND DEFENSE

The requested records are exempt or excluded, in full or in part, from disclosure.

## THIRD DEFENSE

Plaintiff's FOIA request, or portions thereof, are unduly burdensome.

## FOURTH DEFENSE

Plaintiff's FOIA request, or portions thereof, fails to reasonably describe the records sought.

## FIFTH DEFENSE

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority. Additionally, exceptional circumstances exist that may necessitate additional

time for Defendant to complete processing of Plaintiff's FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C); *Open Am. V. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).

## SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192 (JCO), 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543 (NGG), 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## SEVENTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## EIGHTH DEFENSE

Defendants reserve the right to raise any affirmative defense including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c) that may be supported by the record in this civil action.

\* \* \*

9

Dated: May 27, 2026  
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO  
United States Attorney

By:        */s/ Zachary C. Simons*  
      ZACHARY C. SIMONS, DC Bar # 1736166  
      Special Assistant United States Attorney  
      601 D Street, NW  
      Washington, DC 20530  
      (202) 730-6967  
      zachary.simons@usdoj.gov

*Attorneys for the United States of America*